UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

United States of America

        v.　　　　　　　　　　　　　　　　　　Crim. Action No. 2:13-cr-131

Heather Brown

## REPORT AND RECOMMENDATION
(Doc. 43)

Heather Brown, proceeding *pro se*, has moved pursuant to 28 U.S.C. § 2255 to vacate a 48-month term of imprisonment imposed on September 29, 2014 by United States District Court Judge William K. Sessions III as a result of her pleas of guilty to two violations of the Controlled Substances Act, as well as committing an offense while under an order of pretrial release. (Doc. 43.)

In her Motion, Brown claims the advisory sentencing guideline calculation of 188 to 235 months improperly included a two-level enhancement under United States Sentencing Guidelines (USSG) § 2D1.1(b)(1) for possessing a firearm during the offense conduct. (Doc. 43-1.) Brown argues that the USSG § 2D1.1(b)(1) enhancement should not have been applied, because the gun found in a closet at her house was "not even used as a part of this offense." (*Id.* at 1.) Brown also contends that the application of the enhancement should have been determined by a jury rather than the sentencing judge. Finally, Brown argues that *Johnson v. United States*, 135 S. Ct. 2551 (2015), rendered the

USSG § 2D1.1(b)(1) enhancement unconstitutional.  (Doc. 43-1 at 4.)  The government opposes Brown's Motion.  (Doc. 45.)

Concluding that there is no merit to Brown's contentions, I recommend that Brown's § 2255 Motion (Doc. 43) be DENIED.

## Background

In September 2013, Brown was charged in a Criminal Complaint with knowingly and intentionally possessing with the intent to distribute cocaine base and oxycodone, in violation of 21 U.S.C. § 841(a).  (Doc. 1.)  Following her initial appearance, Brown was released on various conditions of release.  (Doc. 5.)  On September 26, 2013, the grand jury indicted Brown, charging her with two counts of distribution of oxycodone and one count of possession with intent to distribute oxycodone and cocaine base, in violation of 21 U.S.C. § 841(a).  (Doc. 8.)  On January 31, 2014, while out on conditions of release, Brown was arrested when she was found in possession of a large quantity of Percocet, a controlled substance.  (PSR at 8, ¶ 18.)

With the benefit of counsel, Brown entered into a Plea Agreement on March 5, 2014. (Doc. 19.)  The Plea Agreement included numerous stipulations of fact, including a stipulation regarding drug quantity under the advisory sentencing guidelines and her role in the offense.  Relevant here, the stipulations included an agreement that Brown had possessed a firearm during the offense conduct pursuant to USSG § 2D1.1(b)(1).  (*Id.* at 2, ¶ 4.)

On March 12, 2014, Brown appeared before Judge Sessions and pleaded guilty to the three counts charged in a Superseding Information.  (Doc. 23.)  In Count One, Brown

2

admitted to "conspiring to distribute oxycodone, in violation of 21 U.S.C. §[§] 841(a), 841(b)(1)(C)[,] and 846." (Doc. 19 at 1.) In Count Two, she admitted to "conspiring to distribute cocaine base, in violation of 21 U.S.C. §[§] 841(a), 841(b)(1)(C), and 846." (*Id.*) In Count Three, she admitted to "committing a felony offense while on pretrial release, in violation of 18 U.S.C. § 3147(1)." (*Id.*) Judge Sessions accepted Brown's pleas of guilty and ordered the preparation of a presentence investigation report (PSR).

The final PSR was submitted to the Court on July 9, 2014. It concluded that Brown faced an advisory sentencing guidelines imprisonment range of 188 to 235 months, together with an indeterminate range for violation of release conditions. (PSR at 16, ¶ 67.) The sentencing guideline range was calculated as follows. Counts One and Two were "grouped for guideline purposes since the offense level is determined largely on the quantity of the substance involved and the offense behavior was ongoing and continuous in nature." (*Id.* at 9, ¶ 23 (citing USSG § 3D1.2(d)).) In cases where different controlled substances are involved in a single offense, as is the case here, the base level offense is determined by "convert[ing] each of the drugs to its marihuana equivalent, add[ing] the quantities, and look[ing] up the total in the Drug Quantity Table [(USSG § 2D1.1(c))] to obtain the combined offense level." USSG § 2D1.1, cmt. 8(B). Consistent with Brown's stipulation in the Plea Agreement, it was "conservatively" estimated that Brown conspired to sell the equivalent of "between 3,000 to 10,000 kilograms of mari[h]uana." (PSR at 10, ¶ 24.) This quantity resulted in "a base offense level of 34." (*Id.* (citing USSG § 2D1.1(c)(3)).)

Again, consistent with Brown's stipulation in the Plea Agreement, two levels were added to the base level because Brown possessed a firearm during the offense conduct (*id.* at 10, ¶ 25 (citing USSG § 2D1.1(b)(1))) and three more levels were added because Brown committed an offense, conspiring to distribute oxycodone, while on pretrial release (Count Three) (*id.* at 10, ¶ 27 (citing USSG § 3C1.3)). Finally, Brown's offense level was reduced three levels because Brown had manifested an acceptance of responsibility for the offense pursuant to USSG §§ 3E1.1(a) and (b). (*Id.* at 11, ¶¶ 31, 32.) This resulted in a total offense level of 36, which, when combined with a criminal history category of I, yielded a guideline imprisonment range of 188 to 235 months. (*Id.* at 16, ¶ 67.)

Brown filed a Sentencing Memorandum and Motion for Downward Departure on September 23, 2014. (Doc. 35.) Brown argued that a downward departure was warranted in this case because of her "ongoing mental health issues . . ." (*id.* at 3) and "exceptionally oppressive childhood" (*id.* at 5). The government did not oppose a variance from the advisory sentencing guideline range and argued for an 82-month sentence. (Doc. 38.) Sentencing was held on September 29, 2014. (Doc. 40.) The Court elected to vary or depart from the advisory sentencing guideline range and imposed a 42-month term for Counts One and Two and a six-month term for Count Three to be served consecutively to Counts One and Two, for a total sentence of 48 months in prison, to be followed by three years of supervised release. (Doc. 40.) The Judgment was entered on October 1, 2014. (Doc. 41.) No direct appeal was pursued.

On June 1, 2016, Brown filed the pending Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 43.) As noted above, Brown raises three claims. First, she argues that application of the two-level enhancement under USSG § 2D1.21(b)(1) was inappropriate because the "handgun was found in the closet in a shoe without the clip in it" and was therefore "not used in an act of violence." (Doc. 43-1 at 1; Doc. 43 at 4.) Second, in a related claim, she contends that the enhancement should have been found by a jury, not a sentencing judge, relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000). (Doc. 43-1 at 3.) Third, Brown asserts that the enhancement is invalid in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). (*Id.* at 4.)

The government opposes Brown's Motion, asserting (1) the motion is barred by Brown's procedural default, (2) that two of her claims are barred by the statute of limitations which governs motions under 28 U.S.C. § 2255, and (3) the motion is substantively meritless. (Doc. 45.)

## Discussion

I. **Standards Governing § 2255 Motions**

A prisoner in federal custody may file a motion under 28 U.S.C. § 2255 on the grounds that her sentence was imposed in violation of the Constitution or federal laws, was issued by a court that did not have jurisdiction, was in excess of the lawful maximum, "or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 is therefore generally available "'only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes "a fundamental defect which inherently results in a complete miscarriage of justice."'"

5

*Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000) (quoting *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995)).  Brown bears the burden of establishing by a preponderance of the evidence any claim advanced in her § 2255 Motion.  *See Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000) (stating "burden of proof" fell on claimant by a "preponderance of the evidence"); *Napoli v. United States*, 45 F.3d 680, 683 (2d Cir. 1995) (noting "usual burden" on petitioners).

## II.     Procedural Default

The government argues that Brown's claims are barred by her procedural default. "A § 2255 petition may not be used as a substitute for direct appeal." *Marone v. United States*, 10 F.3d 65, 67 (2d Cir. 1993) (per curiam) (citing *United States v. Frady*, 456 U.S. 152, 165 (1982)).  Accordingly, where a federal prisoner attempts to use a § 2255 motion to assert a claim that could have been raised on direct appeal but was not so raised, the claim will be procedurally barred unless the prisoner shows (1) cause for failing to raise the claim on direct appeal and prejudice therefrom, or (2) actual innocence. *Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007); *see also Bousley v. United States*, 523 U.S. 614, 622 (1998).

Brown makes no effort to show cause for her failure to bring a direct appeal. Moreover, she plainly cannot demonstrate any resulting prejudice.  She stipulated as part of her counseled plea agreement that the dangerous-weapon enhancement found at USSG § 2D1.1(b)(1) applied to her advisory sentencing guideline calculation.  More importantly, she received a substantial downward departure or variance from the

guideline range of 188 to 235 months. Quite simply, Brown cannot overcome the hurdle of her procedural default. Therefore, her challenges to the factual basis of the application of the firearm enhancement, and her assertion that enhancements under the advisory Sentencing Guidelines must be found by a jury, should be denied.

### III. Statute of Limitations

The government argues that Brown's challenges to the firearm enhancement found at USSG § 2D1.1(b)(1) are barred by the one-year statute of limitations which governs motions under § 2255. Section 2255(f) provides that a motion to vacate a sentence must be filed within one year of the latest of one of the following events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2255(f)(1)–(4).

### A. Timeliness Under 28 U.S.C. § 2255(f)(1)

The Court entered Judgment against Brown on October 1, 2014. (Doc. 41.) A judgment becomes final once the period to appeal expires. *Clay v. United States*, 537 U.S. 522, 524–25 (2003). A defendant has 14 days to file a notice of appeal following the entry of judgment. Fed. R. App. P. 4(b)(1)(A). No appeal was filed. (Doc. 43 at 1,

7

¶ 8.)  The Judgment, and Brown's conviction, therefore, became final on October 15, 2014, and her § 2255 motion was due October 15, 2015.  Brown filed the pending Motion on June 1, 2016, which is over seven months after the expiration of the one-year statute of limitations under § 2255(f)(1).  (Doc. 43.)  Therefore, Brown's first two claims are time-barred.  28 U.S.C. § 2255(f)(1).

The doctrine of equitable tolling does not save Brown's untimely claims because Brown has failed to show that there are extraordinary circumstances that warrant its application.  As the Court of Appeals has noted:

> To equitably toll the one-year limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll.  To show that extraordinary circumstances prevented him from filing his petition on time, petitioner must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.  Hence, if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing.

*Baldayaque v. U.S.*, 338 F.3d 145, 150 (2d Cir. 2003) (internal citations and quotation marks omitted) (quoting *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001)).

Brown neither explains why she did not raise her first two arguments on direct appeal, nor why she waited over a year and a half to file a Motion collaterally challenging her sentence.  Based on the record, Brown has not shown an extraordinary circumstance to warrant equitable tolling in this case.

## IV.     Merits of Brown's USSG § 2D1.1(b)(1) Challenge

Assuming *arguendo* that Brown could overcome these procedural hurdles, her challenge to the application of the firearm enhancement is without substantive merit. As noted above, Brown stipulated as part of her Plea Agreement that the § 2D1.1(b)(1) enhancement applied. (Doc. 19 at 2, ¶ 4.) Moreover, Brown's reliance on *Apprendi* is most certainly misplaced. In *Apprendi* the Supreme Court held that: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. But because the Sentencing Guidelines are advisory rather than mandatory, *see United States v. Booker*, 543 U.S. 220 (2005), application of guidelines enhancements that do not increase the statutory maximum or minimum penalty neither implicates nor violates a defendant's Sixth Amendment right to a jury trial. The Supreme Court has explained:

> In holding that facts that increase mandatory minimum sentences must be submitted to the jury, we take care to note what our holding does not entail. Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury. We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment.

*Alleyne v. United States*, 133 S. Ct. 2151, 2163 (2013); *see also United States v. Singletary*, 458 F.3d 72, 80 (2d Cir. 2006) (holding that judicial fact-finding at sentencing is "permissible—indeed, required—under an advisory Guidelines regime" (emphasis omitted)).

The relevant statute here, 21 U.S.C. § 841(b)(1)(C), provides for imprisonment for a term of up to 20 years, and the district court's application of the firearm enhancement under the advisory Sentencing Guidelines affected only the guidelines recommendation and not the statutory sentencing range. Brown thus did not face a higher mandatory minimum sentence through the operation of the Sentencing Guidelines. *Apprendi* and its progeny afford Brown no relief. *See United States v. Jacques*, 555 F. App'x 41 (2d Cir. 2014); *United States v. Harakaly*, 734 F.3d 88 (1st Cir. 2013). Of course, this discussion is completely academic in light of the substantial variance Brown received from the applicable sentencing guideline range. Quite simply, the § 2D1.1(b)(1) enhancement had no role in the final determination of Brown's sentence.

## V.     *Johnson* Claim

Finally, Brown seeks to extend the holding in *Johnson v. United States*, *supra*, to her situation.[1] This claim also fails. In *Johnson*, the Supreme Court held that the residual clause in the Armed Career Criminal Act (ACCA) was unconstitutional. *See* 135 S. Ct. 2551 (2015). Under the ACCA, a defendant convicted of being a felon in possession of a firearm, a violation pursuant to § 922 (g) of the ACCA, faces a sentencing enhancement if he has three or more previous convictions for a "violent felony." 18 U.S.C. § 924(e)(1). A "violent felony," as defined in the ACCA's residual clause, "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). *Johnson* voided this residual clause as unconstitutionally vague because

---

[1] The government does not assert that the *Johnson* claim is barred by the statute of limitations.

10

the clause "leaves grave uncertainty about how to estimate the risk posed by a crime," and "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony," *Johnson*, 135 S. Ct. at 2557, 2558.

*Johnson* strictly applies only to those defendants who are convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). In the instant case, Brown was not convicted of being a felon in possession of a firearm pursuant to 922(g). "Therefore, *Johnson* [does] not apply, and the Supreme Court's ruling in *Johnson* [is] not . . . relevant on that basis." *Carrasco v. United States*, 01-CR-0021 (VM), 16-CV-3952 (VM), 2016 WL 3275397, at *2 (S.D.N.Y. June 3, 2016) (holding *Johnson* inapplicable to USSG § 2D1.1(b)(1)); *see also Rubino-Zamora v. United States*, 3:16-CV-1890-K, 3:11-CR-223-K-2, 2016 WL 4505750, at *2 (N.D. Tex. Aug. 29, 2016). And, of course, even if Brown prevailed in this argument, it is patently clear that the two-level enhancement found at § 2D1.1(b)(1) had no real effect on her 48-month sentence.

## Conclusion

Based on the foregoing, I recommend Brown's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Doc. 43) be DENIED. In a proceeding under § 2255, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a certificate of appealability will not issue unless reasonable jurists could debate whether the petition should have been resolved in a different manner, or the issues are "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484

(2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Brown does not satisfy this standard. Accordingly, I further recommend that a certificate of appealability be DENIED.

    Dated at Burlington, in the District of Vermont, this 14th of October, 2016.

                                                   /s/ John M. Conroy
                                                   John M. Conroy
                                                   United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).